Luther B. WEAVER, Appellant,

v.

George H. CAUDILL, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1964.

Allen & Clontz, Mt. Vernon, for appellant.

Pat Rankin, Stanford, for appellee.

CULLEN, Commissioner.

Luther Weaver's claim for damages against George Caudill, growing out of an automobile collision, was submitted to a jury which returned a verdict in favor of Caudill. Weaver appeals from the judgment entered on the verdict, claiming error in the instructions.

Caudill's automobile, traveling behind Weaver's, collided with Weaver's when Weaver was undertaking to pass a farm tractor and wagon proceeding in the same direction. Weaver's evidence was that he had turned into the left lane to pass and had been in that lane for a substantial distance and time when Caudill's car struck him from the rear. Caudill's evidence was that Weaver had turned abruptly in front of him, without warning, as Caudill was about to pass the Weaver car. A simple issue thus was presented.

Weaver (appellant) maintains that the instruction given by the court in effect stated that Weaver was guilty of contributory negligence as a matter of law (because he could not see behind him) and permitted the jury to find against Caudill only on a last clear chance theory. We do not so construe the instruction.

It is provided in KRS 189.380(1) that no person shall turn a vehicle from a direct course on a highway unless and until such movement can be made with reasonable safety. The instruction authorized recovery by Weaver if the jury believed that Weaver had turned into the left lane and was driving therein a sufficient distance ahead of Caudill for the latter, in the exercise of ordinary care, to have avoided colliding with Weaver. We think this properly presented the issue of whether Weaver had made his movement with reasonable safety.

Appellant maintains that the issue of proximate cause should have been submitted to the jury but in our opinion there was no real issue of proximate cause in this case.

The judgment is affirmed.